UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BAILEY CREDO WITT,

          Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS, et al.,

          Defendants.

CASE NO. C11-5243BHS

ORDER GRANTING
DEFENDANTS' MOTION
TO DISMISS

    This matter comes before the Court on Defendants Washington Department of Corrections ("Department"), Christine Gregoire, Rob Mckenna, Eldon Vail, Ronald Van Boening, Dan Fitzpatrick, Ronald Frederick, Gerald Bailey, and Susan Erickson's ("Defendants") motion to dismiss and stay discovery (Dkt. 22). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

    On March 30, 2011, Plaintiff Bailey Credo Witt ("Witt") filed a complaint against Defendants alleging violations of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794, *et seq.* Dkt. 3. Witt alleges that on June 3, 2010, he was released from the McNeil Island Corrections Center and that Defendants denied him access to the Department's Housing Voucher Program. *Id.*, ¶¶ 15-41. Witt asserts that he was denied access based on his alleged mental disabilities. *Id.*, ¶¶ 42-50.

On July 1, 2011, Defendants filed a motion to dismiss and to stay discovery. Dkt. 22. On July 21, 2011, Witt responded. Dkt. 23. On July 28, 2011, Defendants replied. Dkt. 26.

## II. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

To prove that a program or service violates Title II of the ADA, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his/her disability. *Weinreich v. Los Angeles County*, 114 F.3d 976, 978 (9th Cir. 1997). Under section 504 of the RA, a plaintiff must show that: (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his/her disability; and (4) the program receives federal financial assistance. *Id.* In either an ADA or RA claim, a plaintiff must demonstrate that the discrimination or denial of benefits occurred because of the plaintiff's disability, and under the RA, a plaintiff must show that they were otherwise qualified to receive the

ORDER - 2

benefit. *Id*. The denial of benefits, services, or programs to an individual with disabilities does not violate the ADA or RA if the denial is not based on the disabilities of the plaintiff. *Id*.

The Department's Housing Voucher Program is codified at RCW 9.94A.729. The relevant portion of that statute allows the Department to provide housing vouchers to inmates that, but for a lack of housing, would be released from prison into community custody. RCW 9.94A.729. Inmates who are being released without serving any community custody time are not eligible to receive housing vouchers. *Id*.

In this case, Witt has failed to allege that he was otherwise qualified to receive the benefits of the voucher program. Specifically, Defendants assert that Witt's sentence structure disqualified Witt from participation in the program altogether because he was released without serving any community custody time. Dkt. 26 at 2 (citing Dkt. 3, Exh. 1 at 5). Therefore, the Court grants Defendants' motion to dismiss Witt's complaint because there is no set of facts that would entitle Witt to relief under the ADA or RA.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 22) is **GRANTED** and Witt's complaint is **DISMISSED**.

DATED this 1st day of September, 2011.

BENJAMIN H. SETTLE
United States District Judge